BELLO v. WILLEY.

(Supreme Court, Appellate Division, Third Department. May 8, 1912.)

Appeal from Trial Term, Fulton County.

Action by Lorenzo Bello, as administrator of Dominick Bello, against Albert L. Willey. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Leary & Fullerton (James A. Leary, of counsel), for appellant.
Horton D. Wright, for respondent.

PER CURIAM. Judgment affirmed, with costs.

BETTS, J. I dissent. There was evidence in this case from which the jury might have found that the plaintiff's intestate was put to work by the foreman, Coleman, carrying a heavy form along a path or strip of ground which was from three feet wide upwards in its narrowest part with a high mound of spoil bank of clay, earth, etc., thrown upon one side and a hole 30 feet deep on the other side, with 17 or 18 feet of water in the hole with sheathing boards only about 16 feet high, water 2 feet above the sheathing, and the upper part of the hole unprotected by sheathing, constantly giving way by the force of gravity and the recent rains and the unguarded path or way along which he was walking descending or sloping towards the hole with the form in front of him held in such a way that he could not see where he was walking except a long distance ahead with the foreman carrying the other or front end of the form walking in front of him, deceased looking ahead, and that, while thus employed by direction of the defendant's foreman, he fell into the water in the hole, and was drowned. The spoil bank was only about thirty-six feet in diameter and nearly circular, and the foreman could have gone around the bank with the form followed by the deceased, and have avoided the hole at its narrowest part where the deceased fell in.

The deceased had been away from the plant for about a month, and had only been back there two days, and it was not shown that he had worked in this position after his return, and the jury could have found that the bank had given way and changed during his absence from the evidence. The evidence was largely given by employés of the defendant.

Under the statute, the question of the contributory negligence of the deceased was for the jury, and less evidence is sufficient as to the absence of contributory negligence where the accident resulted fatally. Under such circumstances as these, it was a question for the jury as to whether the defendant was negligent, and whether the plaintiff was free from such negligence as contributed to the injury, as was also the assumption of the risk of his employment. The deceased was not making his own position in the work that he was doing. It had been made and was selected by the foreman, so that the rule quoted by the

defendant does not apply here. The deceased was not creating his own position, and the rule does apply that it was the master's duty to furnish the deceased with a reasonably safe place to do his work, reasonably safe considering the nature of his employment.

The judgment appealed from should be reversed, and a new trial granted, with costs to plaintiff to abide the event.